UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRENCE COLES, JR.,

    Defendant.
_____/

Case No. 08-20351

Honorable John Corbett O'Meara

FILED
MAY 15 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## ORDER DENYING PLAINTIFF'S MOTIONS

This matter came before the court on defendant Terrence Coles, Jr.'s December 2, 2013 Motion to Vacate Sentence Under 28 U.S.C. § 2255. The government filed a response February 24, 2014. Defendant Coles subsequently a motion to consider his § 2255 motion as "timely and punctual" on March 27, 2014, and a motion to amend his § 2255 motion on April 7, 2014. No responses were filed, and no oral argument was heard.

Defendant Coles' conviction was affirmed by the United States Court of Appeals for the Sixth Circuit August 27, 2012. For purposes of 28 U.S.C. § 2255(f)(1), once the court accounts for the 90-day period in which a defendant may seek *certiorari*, the conviction becomes "final." In this case defendant Coles' conviction became final November 26, 2012; and he had one year, until November 26, 2013, in which to collaterally attack his sentence. Defendant Cole mailed his motion to vacate November 29, 2013; and it was filed with the court December 2, 2013. Therefore, his petition was filed beyond the strict, one-year deadline and must be denied.

Having failed to file his petition within one year, defendant Coles must, in the alternative, convince the court that the clock on the one-year limitations period began running on June 17, 2013,

the date on which the United States Supreme Court decided Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Court held that the Sixth Amendment requires any fact that, by law, increases the mandatory minimum must be submitted to the jury and found beyond a reasonable doubt. Defendant Coles must show that the Court not only recognized a new right in Alleyne, but also made that right retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(3). The Sixth Circuit Court of Appeals, however, has held that Alleyne is not retroactive. Rogers v. United States, 2014 WL 1272121, at *3 (6th Cir. March 31, 2014). Therefore, defendant Coles' § 2255 motion is untimely.

In his subsequent motions, defendant Coles requests that the court not adhere to the strict, one-year requirement for filing. However, because the one-year period is imposed by federal statute, the court must deny the motions.

## ORDER

It is hereby **ORDERED** that defendant Terrence Coles, Jr.'s December 2, 2013 Motion to Vacate Sentence Under 28 U.S.C. § 2255 is **DENIED**.

It is further **ORDERED** that defendant Terrence Coles, Jr.'s March 27, 2014 motion is **DENIED**.

It is further **ORDERED** that defendant Terrence Coles, Jr.'s April 7, 2014 motion is **DENIED**.

John Corbett O'Meara
United States District Judge

Dated: May 15, 2014