UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Case No. 08-20351-01

v.                                          Honorable John Corbett O'Meara

TERRANCE DOUGLAS COLES, JR.,

    Defendant.
                                         /

**ORDER DENYING**
**DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

This matter came before the court on defendant Terrance Douglas Cole Jr.'s September 20, 2016 Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). The government filed a response April 4, 2017. No reply was filed, and no oral argument was heard.

On July 15, 2010, a jury convicted defendant Coles on 18 drug and firearm counts, resulting in a Sentencing Guidelines range of 235-293 months in custody. The court granted Coles a significant downward variance to 180 months.

Defendant Coles moves for a reduction in his sentence based on the Sentencing Commission's retroactive reduction in guidelines ranges associated with drug offenses. However, Coles is ineligible for relief because his guideline range was

based on the firearms section of the guidelines rather than the retroactively-reduced drug guidelines. In addition, even if Coles' sentencing range had been based on the drug guidelines, the court's downward variance resulted in a sentence that still falls below the reduced guidelines range.

Title 18 U.S.C. § 3582(c) allows for the reduction in sentence for defendants who were sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The referenced "applicable policy statements" are found in Section 1B1.10 of the Sentencing Guidelines.

In this case Section 1B1.10 prohibits a reduction in Coles' sentence. Subsection (a)(2) states that a reduction in sentence is not authorized under § 3582(c) if: "(A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."

Defendant Coles' guidelines range came from Section 2K2.1, which has not been lowered by the Sentencing Commission. Coles identifies Amendment 782, which addresses drug guidelines, not firearms guidelines. Thus, the base offense levels found in the drug table that were later reduced by that amendment played no role in forming defendant Coles' sentencing range. Accordingly, if the Probation Office

2

calculated Coles' guideline range today, it would result in the same guidelines range the court used in 2011 at the time of Coles' sentencing. Therefore, he is not eligible for a reduction in sentence.

Moreover, even if Amendment 782 applied to Coles, § 1B1.10(b)(2)(A) limits a reduction to no more than the low end of the newly-calculated guidelines range. In this case a two-level reduction to his base offense level would result in a range of 188-235 months. Because his original sentence was even less than the lowest sentence allowable by § 1B1.10, defendant Coles would not be eligible for a reduction even if he had been sentenced under the drug guidelines.

Finally, the court notes that it has received and read letters submitted by Coles' family and hopes that he continues to spend wisely the time he has remaining on his sentence.

## **ORDER**

It is hereby **ORDERED** that defendant Terrance Douglas Coles, Jr.'s motion for sentence reduction is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Date: April 26, 2017

Date of Original Judgment: 2/25/2011   USM no: 42787-039

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 26, 2017, using the ECF system and/or ordinary mail.

                          s/William Barkholz
                          Case Manager